UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WENDYLL L. JONES,

              Petitioner,                              **DECISION AND ORDER**
                                                                         No. 03-CV-6263
    -vs-

CALVIN WEST,

              Respondent.
_____

## INTRODUCTION

Petitioner Wendyll L. Jones ("Jones"), filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction on one count of third degree robbery pursuant to a guilty plea in Monroe County Court. The parties have consented to disposition of this matter by the undersigned pursuant to 28 U.S.C. § 636(c).

## DISCUSSION

**I.**    **Timeliness**

As an affirmative defense, respondent asserts that the petition is untimely and must be dismissed. *See* Respondent's Memorandum of Law ("Resp't Mem.") at 2-5 (Docket #6). The Antiterrorism and Effective Death Penalty Act of 1996[1] ("AEDPA"), imposes a one-year statute of limitations on habeas petitions which begins to run from the latest of several events, including the date on which the challenged state court judgment becomes final. *See* 28 U.S.C. § 2244(d)(1); *Bennett v. Artuz*, 199 F.3d 116, 118 (2d Cir. 1999), *aff'd,* 531 U.S. 4 (2000). Jones's

---

[1] Pub. L. No. 104-132, 110 Stat. 1214 (1996).

state conviction became final for AEDPA purposes when his time to seek direct review in the United States Supreme Court by writ of *certiorari* expired. *Williams v. Artuz,* 237 F.3d 147, 151 (2d Cir. 2001). That period expired 90 days after the New York Court of Appeals denied leave to appeal, which was November 21, 1994. *Pratt v. Greiner*, 306 F.3d 1190, 1195 n. 1 (2d Cir. 2002). Thus, Jones's conviction became final on February 19, 1995.

AEDPA's limitations period does not apply in a strict sense to Jones's petition because his conviction became final before the enactment of AEDPA on April 24, 1996. *See Bennett*, 199 F.3d at 118 (citing *Reyes v. Keane*, 90 F.3d 676, 678-79 (2d Cir. 1996) (holding that AEDPA's one-year limitations period does not apply retroactively), *overruled on other grounds by Lindh v. Murphy*, 521 U.S. 320, 336-37 (1997)). The Second Circuit has held that petitioners whose habeas claims accrued prior to AEDPA's enactment are afforded the "reasonable time" of "one year after the effective date of AEDPA" to file a federal habeas petition. *Bennett*, 199 F.3d at 118 (citing *Ross v. Artuz*, 150 F.3d 97,102-03 (2d Cir. 1998)). That one-year grace period expired on April 24, 1997, over six years before Jones filed this federal habeas petition on June 2, 2003. *See* Docket No. 1.

However, AEDPA provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." 28 U.S.C. § 2244(d)(2); *Bennett*, 199 F.3d at 119. In *Bennett*, the Second Circuit joined the majority of circuit courts in holding that the tolling provision of § 2244(d)(2) applies to petitions challenging pre-AEDPA convictions. *See Bennett*, 199 F.3d at 119 (noting that to hold otherwise would effectively discourage appellants from starting and completing the state court review process). The Second

Circuit went on to decide that a state court application or motion for collateral relief is "'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures." *Bennett*, 199 F.3d at 120; *see also Carey v. Saffold*, 536 U.S. 214, 217, 220-21 (2002).

In the present case, Jones did not begin filing any collateral motions in state court until November 4, 2001, well after AEDPA's limitations period expired in 1997. Thus, Jones cannot gain the benefit of § 2244(d)(2)'s tolling provisions, and the petition is untimely.

## II.    Equitable Tolling

Because AEDPA's one-year period has been construed as a statute of limitations rather than a jurisdictional bar, courts may exercise their discretion to equitably toll the period. *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000). Equitable tolling applies only in the "rare and exceptional circumstance." *Id.* (citation omitted). In order to justify equitably tolling the one-year period of limitations, the petitioner must show that "extraordinary circumstances" prevented him from filing his petition on time. *See id.* (citing *Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir. 1996) (noting that this court has applied equitable tolling doctrine "'as a matter of fairness' where a plaintiff has been 'prevented in some extraordinary way from exercising his rights . . . .'") (citation omitted)). Furthermore, the petitioner seeking equitable tolling must have acted with "reasonable diligence" throughout the period he seeks to toll, *see id.*, and must demonstrate a causal relationship "between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing," *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000) (holding that causal relationship "cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances"); *see also*


*Hizbullahankhamon v. Walker*, 255 F.3d 65, 76 (2d Cir. 2001).

In his Traverse (Docket #12), Jones submits that he is entitled to equitable tolling because the public defender's office which had represented him at trial and on direct appeal refused to file any collateral motions for relief in state court on his behalf. However, Jones was not entitled to have the public defender's office file collateral applications attacking his conviction because there is no federal constitutional right to appellate counsel on collateral review. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions, and we decline to so hold today. Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further.") (internal citations omitted). Jones also asserts that he is entitled to equitable tolling because his access to the prison law library was "hindered" and that he is unversed in the law. *See* Traverse (Docket #12). None of these factors constitute the type of "extraordinary circumstances" that the equitable tolling doctrine contemplates. *See Amante v. Walker*, 268 F. Supp.2d 154, 158 (E.D.N.Y. 2003) (noting that the difficulties attendant on prison life, such as transfers between facilities, solitary confinement, lockdowns, restricted access to the law library, and an inability to secure court documents, do not by themselves qualify as extraordinary circumstances) (citing *Lindo v. Lefever*, 193 F. Supp.2d 659, 663 (E.D.N.Y. 2002)). Moreover, simple ignorance of the applicable rules does not excuse a petitioner's failure to file a timely petition. *See Plowden v. Romine*, 78 F. Supp.2d 115, 120 (E.D.N.Y. 1999) ("There is no limiting principle to [petitioner's] argument that simple ignorance–absent any showing of diligence on his part or allegations of impediments to his staying informed about this case--should provide a basis for equitable tolling; to hold that the statute of limitations should be

extended in this case would allow the statute to be extended indefinitely.").

Under the facts presented here, it does not appear that there was anything that prevented Jones from exhausting his habeas claims in state court or filing his § 2254 petition in a timely manner. I note that he did not begin efforts to exhaust his claims until well after the statute of limitations had already expired. Therefore, I must conclude that the petition is untimely under 28 U.S.C. § 2244(d)(1). Having found that Jones's petition must be dismissed as untimely, there is no need for the Court to address respondent's remaining arguments.

**ORDER**

For the reasons set forth above, Wendyll Jones's petition for a habeas corpus pursuant to 28 U.S.C. § 2254 is dismissed as untimely. Because Jones has failed to make a substantial showing of a denial of a constitutional right, no certificate of appealability shall issue. 28 U.S.C. § 2253. Further, I certify that any appeal from this order would not be taken in good faith. *See* 28 U.S.C. § 1915(a); *Coppedge v. United States,* 369 U.S. 438, 444 (1962).

**IT IS SO ORDERED**

/s/ *Victor E. Bianchini*

VICTOR E. BIANCHINI
United States Magistrate Judge

Dated: March 23, 2006
Rochester, New York.

